UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK GLASS,** | : | Case No. 4:06-CR-469 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Derrick Glass' Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582. (Doc. 63.) As explained below, this motion must be **DENIED**.

Glass seeks the retroactive reduction of his sentence under Amendments 706 and 711 to the United States Sentencing Guidelines. (*Id*.) These amendments modified the calculation guidelines for determination of a Base Offense Level under § 2D1.1, certain offenses involving the possession and distribution of crack cocaine. Glass, however, possessed more than 50 grams of crack cocaine. Thus, he was not sentenced under § 2D1.1; he was sentenced, instead, to a term of 240 months pursuant to the statutory mandatory minimum. *See* § 5D1.1.[1]

While "a court should adjust a sentence when it is explicitly based on the crack cocaine guidelines," it must "leave undisturbed a sentence for which there exists an independent basis." *United States v. Johnson*, Case No. 1:96cr142, 2009 U.S. Dist. LEXIS 37205, at *3 (N.D. Ohio Apr. 29, 2009). The precise question raised by this case, whether a district court may adjust the sentence

---

[1] Glass received what is commonly known as a § 851 enhancement. In broad terms, the penalty provisions set forth in 21 U.S.C. § 841 (b)(1) include certain enhanced penalties, including an increased mandatory minimum term of imprisonment, when a defendant has a prior felony drug conviction.

for a prisoner who was sentenced to a statutory mandatory minimum has now arisen several times within this circuit. The Sixth Circuit has explained that district courts are simply without power to modify such a sentence. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). It is clear that:

> [The Petitioner's] argument lacks merit because he was not in fact sentenced based on a Guidelines range that was subsequently reduced. Rather, his sentence was based on the mandatory minimum . . . which remained unchanged by Guidelines Amendment 706.

*Id*.; *see also United States v. Reyes*, Case No. 1:93cr16, 2010 U.S. Dist. LEXIS 19450, at *16 (W.D. Mich. Mar. 4, 2010) ("[A] statutory mandatory minimum cannot be avoided or negated by any amendment to any guideline at any time."); *cf. Dillon v. United States*, Case No. 09-6338, 2010 U.S. LEXIS 4975 (U.S. June 17, 2010) ("[§ 3582(c)(2)] applies only to a limited class of prisoners . . . . § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."). The caselaw is unambiguous: the Court cannot grant Glass' motion.

For the aforementioned reasons, Derrick Glass' Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582 (Doc. 63) is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

        **IT IS SO ORDERED.**

s/Kathleen M. O'Malley  
**KATHLEEN McDONALD O'MALLEY**  
**UNITED STATES DISTRICT JUDGE**

Dated: August 10, 2010

2